Aguiar, J.
This appeal raises the issue of whether the Court erred in failing to find the defendant’s abatement order annulled as a matter of law because it calls for the abatement of the alleged nuisance by on or about June 22,1998, less than the 10 days required under M.G.L.c. Ill, §125A.
We find there was no error.
This appeal further raises the issue of whether the court erred in finding the pile of sand to constitute a nuisance in light of M.G.L.c. 243, §6 which is protective of farms or any ancillary or related activity.
We find there was no error.
Plaintiff had a cranberry bog farm which consisted of seven and one half acres. Sand is used in cranberry farming. Plaintiff enlarged his bog by creating an additional one and one-half acre bog.
There was testimony that the plaintiff took down 150 feet of trees which was the buffer zone between the cranberry bog and the residents who live in this area and piled-up sand between 28 and 50 feet high in front of the neighborhood houses less than 100 feet away. Neighbors further testified that because of the blowing sand from the huge sand pile, they can’t keep their windows open, their children can’t play outside without eye protection, and the sand gets in their eyes, in their hair, in their ears, in their food and is a constant nuisance.
Witnesses for the plaintiff denied there was a nuisance.
Plaintiff argues that the notice by the Board of Health was fatally defective because plaintiff was deprived of the ten-day period to abate the alleged nuisance. Plaintiff further argues that the enlargement of its bog and the sand pile is an ordinary aspect of said farming operation or ancillary or related activity and therefore protected by M.G.L.c. 243, §6.
We disagree with these arguments.
*224 This matter was brought before the Court on plaintiffs complaint under Massachusetts G.Lc. 111, §125A. Under the statute an evidentiary hearing shall be held to determine the facts and to review the order of the Board of Health and affirm, annul, alter or modify the same as justice may require.
The Court in its findings modified the Board’s order concerning the time required to abate the nuisance. The Court found, “because of the large size of the sand pile, it will be necessary for the Board of Health to monitor its abatement order over a greater period of time than one week. It is ordered, therefore, that the abatement of the nuisance shall begin forthwith with compliance in a period of time to be determined by the Board of Health commensurate with a work schedule that is fair and reasonable.”
We find that any harmless error committed by the Board in this regard concerning the time element to abate the nuisance was corrected by the Court under the authority of the statute.
The Court further found that “the windblown sand is a public nuisance. Covering the pile is fair and reasonable under all the circumstances.”
The Court further found that M.G.L.c. 243, §6, regarding actions of nuisance in the operation of a farm, is not applicable to the evidence presented in this case. The Court found that, “while the use of sand is an ordinary aspect of the farming of cranberries, this particular pile of sand is not ordinary. It is unusual. It is extraordinary. It is a by product not of the ordinary cultivation of the cranberries, but of the plaintiffs desire to enlarge his bog. Additionally, while the bog has been in existence for many years, the acre and a half ‘new bog’ is what has created the public nuisance not the seven acres of ‘old bog.’”
The findings of fact by the trial judge should not be overturned unless clearly erroneous. In this case there was much evidence to support the judge’s decision.
We find there was no error. The appeal is dismissed.